# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN KIRBY HANNA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 2:18-cv-08773-JFW-MAA<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all other records on file, as well as the Report and Recommendation of the United States Magistrate Judge ("R&R," ECF No. 26).

The Court also has reviewed the Objections filed by Defendant, as well as Plaintiff's response to the Objections. ("Objections," ECF No. 21; and "Response," ECF No. 22.) For the reasons discussed below, the Objections are overruled.

Defendant objects that, contrary to the findings in the R&R, the new vocational evidence presented for the first time to the Appeals Council does not warrant reversing the ALJ's decision to deny disability benefits. According to Defendant, that evidence was "outside the record," not "material," and presented without "good cause." (Objections at 2, 4.) To the contrary, the new vocational

evidence was a part of the record before the Commissioner (not outside of it) and material. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163-64 (9th Cir. 2012) (holding that, where the Appeals Council incorporated new evidence presented to it for the first time, the evidence was a part of the record and material). Moreover, because the evidence was presented for the first time to the Appeals Council, no "good cause" requirement applied. *See id.* at 1162 ("Claimants need not show 'good cause' before submitting new evidence to the Appeals Council.").

Defendant further objects that the ALJ's decision should be affirmed because the ALJ properly exercised her authority to resolve the ambiguities and conflicts in the vocational evidence before her. (Objections at 3, 7, 8.) This is an inaccurate characterization of what happened. If it were merely the case that the ALJ had resolved an ambiguity or conflict in the evidence, then the Court would be required to uphold that resolution. (R&R at 7.) But the vocational evidence before the ALJ contained no ambiguities or conflicts. Rather, that evidence was possibly outdated and erroneous. The vocational expert who testified before the ALJ was unable to shed any light on that possibility because he had no personal knowledge of the relevant occupation. (R&R at 7.) Thus, the ALJ relied instead on the Dictionary of Occupational Titles ("DOT") to conclude that Plaintiff could still perform his past relevant occupation. As discussed in the R&R, that conclusion was called into question by the new evidence presented to the Appeals Council, by a vocational expert with personal knowledge of the occupation. (R&R at 7-8.)

Defendant finally objects that, because this case was resolved at step four of the Commissioner's five-step evaluation, the testimony by a vocational expert was not even required. (Objections at 5-6.) But in the particular circumstances here, vocational evidence was critical at step four because the ALJ's conclusion relied on Plaintiff's past relevant work as it is "generally" performed in the national economy. *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (noting

that, at step four, the best source of information for how past relevant work is generally performed is vocational evidence such as the DOT, which may be rebutted by a vocational expert). The particular vocational evidence that the ALJ relied upon here at step four, the DOT, was called into question by the new vocational evidence submitted to the Appeals Council. (R&R at 7-8.) Contrary to Defendant's suggestion, the DOT was not insulated from objection merely because this case ended at step four. *See Pinto*, 249 F.3d at 846-47 (holding that, at step four, an ALJ's reliance on the DOT was "not sufficient" where the information in the DOT failed to comport with the claimant's limitations).

After having made a de novo determination of the portions of the Report of Recommendation to which Defendant directed the Objections, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation is accepted;
2. Defendant's Objections are overruled;
3. Judgment shall be entered reversing the Commissioner's decision and remanding the matter for further administrative proceedings; and
4. The Clerk of Court shall serve this Order and the Judgment on counsel for Plaintiff and for Defendant.

DATED: January 14, 2020

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE